By the Court.
Oakley, Ch. J.
This is an action brought by the plaintiff, as the widow of Lewis Moore, deceased, to recover her dower in certain premises in the city of New York, of which her husband was seized in his lifetime. The land in question is a portion of the ground now occupied by the Eulton market.
An act was passed by the legislature of this state on the 14th March, 1817, authorizing The Mayor, Aldermen and Commonalty of the city of New York, to take possession of certain lands in that city, among which were the premises in question, for the purpose of a public market. Under this law, commissioners of estimate and assessment were appointed by the supreme court. These commissioners proceeded in the performance of their duties, and estimated the amounts due to the several owners of the lands. Their report was submitted to the court and duly confirmed. The amount awarded to Lewis Moore, the husband of the plaintiff, as the entire value of the land belonging to him which was required for the market, was paid to him. The law provided that upon the confirmation of the report, the land included in it should vest in the corporation of the city, in fee-simple absolute. No objection is made to the regularity of the proceedings on the part of the commissioners; nor is any question made as to their effect on the interest of the husband. .
The plaintiff now claims that she is entitled to her dower in that portion of the premises so taken, which were owned by her husband; no provision having been made in the report of the commissioners for compensation to her, although she was at that time the wife of Lewis Moore.-
The question which is here presented is, whether a wife has such an interest in the premises owned by her husband, while *461 her right of dower is inchoate, as cannot be divested by this act of the legislature and the proceedings under it. Reference has been made, on the part of the respondents, to the case of Lawrence v. Miller, (1 Sand. S. C. Rep. 516,) which.came originally before this court, and in which the court of appeals subsequently reversed our decision. The reversal did not affect the principles which governed us in that case, so far as they are applicable to the present. We then held that the wife’s right of dower was merely inchoate during the life of the husband, and that she had no vested or certain interest in his lands. • The right being merely an incident to the marriage relation, it seems to us that while this Tight is thus inchoate, and before it has become vested by the death of the husband, any regulation of it may be made by the legislature, though its operation is in effect to divest the right; the marriage relation itself being within the power of the legislature to modify, or even abolish it.
The power of the state, to take private property for public uses, results from its right of eminent domain, and that power is not restricted except by the constitutional provision, that just compensation shall be made to the owner. In this case, the husband was deemed to be the owner of the entire estate in the land, and the inchoate right of the wife was not considered by the commissioners, and we think justly so, as an interest distinct from that of her husband, as the subject of' estimate as to its value, separate from his. Indeed, the value of her interest,. such as it was, would seem to be scarcely capable of being estimated as a separate interest. We see no reason to doubt, that the commissioners were right in considering the entire estate in these lands as vested in the husband, and that he having been paid the full value of them, the corporation, by force of the act, became seized of the lands in fee-simple absolute, discharged of any claim of dower of the wife therein.
Judgment of the special term reversed.